ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM. *
This attorney disciplinary proceeding arises from two counts of formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Walter Glenn Soileau, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
On October 9, 1997, respondent entered a plea of guilty in the United States District Court for the Western District of Louisiana to three Class B misdemeanor hunting violations under the Migratory Bird Treaty Act, 16 U.S.C. § 703. At his sentencing hearing, respondent testified under oath he had one prior conviction in 1987 under the Migratory Bird Treaty Act and had been sentenced to six months probation. He maintained the presiding judge had “thrown out” the three related charges. The government disputed respondent’s statement based on the unofficial computer records of the U.S. Fish and Wildlife Service, which showed respondent in fact had four prior convictions under the Migratory Bird Treat Act and received a sentence for each conviction. In light of the dispute, the court continued the sentencing in order to retrieve, at respondent’s suggestion, all pertinent records and evidence pertaining to this issue. Subsequently, the court received the 1987 records which indicated respondent pled guilty on March 27, 1987 to four violations of the Migratory Bird Treaty Act (rather than one count as respondent had stated) and received a fíne for each count, as well as one year probation (not six months, as respondent asserted).
After considering all of these factors, the federal magistrate judge sentenced respondent to a six month imprisonment term followed by a five year probationary period with | conditions, the maximum penalty for a Class B misdemeanor.[1] In imposing her sentence, the judge considered, among other things, the severity of the underlying charges and respondent’s prior criminal record. She further concluded respondent “intentionally meant to mislead the Court” about his prior criminal convictions.[2] After requesting a dismissal of his appeal, the respondent served his prison sentence in the custody of the U.S. Bureau of Prisons. Respondent failed to report the conviction to the attorney disciplinary board.
*25 DISCIPLINARY PROCEEDINGS
On February 20, 1998, the respondent was placed on interim suspension pursuant to Supreme Court Rule XIX, § 19E based on his criminal conviction which adversely reflected on his fitness to practice law. In re: Soileau, 97-3157 (La.2/20/98), 705 So.2d 1083.[3] On the same day, the ODC instituted formal charges. The first count, which stemmed from the respondent’s criminal conviction and failure to report his misconduct, alleged violations of Rules 8.3(a) and 8.4(a)(b)[4] of | sthe Rules of Professional Conduct. The second count resulted from respondent’s misstatement of facts during his federal sentencing hearing and alleged violations of Rules 3.3 and 8.4(c)(d)[5].
Respondent filed an answer admitting to the alleged misconduct. However, as to the misstatements of fact, he denied intentionally misleading the court. He stated that at the time of the sentencing hearing, he did not accurately recollect what had happened ten years before. He pointed out he requested the sentencing judge to make the record of his 1987 criminal charges part of the proceedings, demon-strafing he was not attempting to mislead the court.
In lieu of conducting a formal hearing, the parties filed a joint stipulation of facts and the matter was submitted on documentary evidence. In its memorandum, the ODC contended the respondent’s pattern of repeated offenses was indicative of respondent’s indifference to legal obligations and should serve as a “red flag warning that respondent may lack the moral fitness to properly fulfill his professional responsibilities.” It further recognized that, due to the adverse publicity, respondent has “shown that he has no concern for the standing of the legal profession in the eyes of the public.” After noting the presence of several aggravating and mitigating factors[6], the ODC recommended a substantial period of suspension be imposed.
1 ¿Hearing Committee Report
The hearing committee concluded the ODC proved the formal charges asserted against respondent by clear and convincing evidence. As to the first count involving the conviction, the committee recognized *26 the respondent had a history of failing to comply with hunting laws which resulted in prior criminal convictions. It found the federal court undoubtedly took this recidivism into account in imposing sentence.
The committee determined the second count of the formal charges was of greater concern and that the “transcribed exchange with the court was disturbing, as was respondent’s failure to correct his misstatements when he learned later that day how mistaken he was.” It concluded the misstatements were “at best conveniently negligent, and at worst intentional,” but ultimately, it gave respondent “the benefit of very small doubt.” In finding that the misstatements were not intentional it found it was unable to believe that an attorney, in the face of federal court records, would deny previous convictions unless he truly believed what he was saying. It noted the determining factor was respondent’s request to make his prior criminal records part of the recent criminal proceedings.
Based on its findings, the committee recommended respondent be suspended from the practice of law for a period equal to his interim suspension.

Disciplinary Board Report

The disciplinary board concurred in the findings of the hearing committee that the charges were proven by clear and convincing evidence. However, it deviated from the committee’s findings insofar as the board concluded respondent’s misstatements were intentional. While noting the committee had expressed its difficulty in ascertaining whether the misstatements were intentional or negligent through the use of documents alone, the board deferred to the federal judge’s findings that the statements were intentional because she was the “trier of fact and who saw and heard the witnesses and ... was in the best position to determine the credibility of respondent.”[7] While the aboard noted the committee erred when it gave respondent “the benefit of a very small doubt” and concluded the statements were merely negligent, it also determined that the hearing committee’s recommendation “would result in respondent being treated too leniently in light of the serious misconduct with law enforcement and the court as evidenced by his federal proceedings.” Relying on the ABA Standards for Imposing Lawyer Sanctions[8] and jurisprudence *27 from this court, the board recommended that respondent be suspended from the practice of law for a period of two years, with one year deferred, followed by a two year period of supervised probation. As to conditions of probation, the board recommended the respondent be required to enroll in the Lawyer’s Assistance Program and fully comply with the terms of that program, as well as be assessed with all costs.
Respondent filed an objection to the disciplinary board’s recommendation in this court, and the matter was set for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Based on our review of the record, we conclude the ODC proved the formal charges by clear and convincing evidence. Respondent does not dispute his conviction for violation of the |fiMigratory Bird Treaty Act. Although this offense is a misdemeanor under federal law, the trial court sentenced respondent to the maximum penalty of imprisonment for six months, based on respondent’s prior criminal history and his misrepresentations during the sentencing hearing.[9]
Under these circumstances, we find the sanction recommended by the disciplinary board is appropriate. Accordingly, we will suspend respondent from the practice of law for a period of two years, with one year deferred, and with credit for the period of respondent’s interim suspension. Following completion of the active portion of this suspension, respondent shall be placed on supervised probation for a period of two years, with the special condition that he enroll in the Lawyer’s Assistance Program.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, briefs and oral argument, it is the decision of the court that Walter Glenn Soileau be suspended from the practice of law for a period of two years, with one year deferred, and with credit for the period of respondent’s interim suspension. Following completion of the active portion of this suspension, respondent shall be placed on supervised probation for a period of two years, with the special condition that he enroll in the Lawyer’s Assistance Program. All costs and expenses in this matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1.

 Marcus, J. not on panel. Rule IV, Part II, § 3.

. The following conditions were imposed to the respondent's five year probationary period:
1. 24 hours of supervised community service;
2. Participation in a substance abuse program, including testing and attendance of a minimum of 26 AA meetings; and
3. Barred from hunting both inside and outside the United States.

. Prior to imposing sentence, the magistrate judge gave detailed reasons for imposing the maximum penalty. She noted the underlying charges for which respondent was being sentenced involved the "most aggravated situation ... under the [Migratory Bird Treaty Act]” she has seen since being on the bench. As to the previous offenses, she noted there was overwhelming evidence that respondent had a long history of being untruthful with judges, probation officers and law enforcement officials, as well as behavior evidencing that he believed he was "above the law.” Thus, she concluded the respondent intentionally misrepresented his prior criminal record at his prior sentencing hearing in April, 1997. Moreover, she found aggravating the fact the respondent is an officer of the court and former judge.

. Respondent remained on interim suspension for a period of six and one-half months. On September 2, 1998, respondent filed a motion to lift the interim suspension, which was granted by a unanimous panel of this court. In re: Soileau, 98-2215 (La.9/2/98), 723 So.2d 422.

. Rule 8.3 provides:
(a)A lawyer possessing unprivileged knowledge of a violation of this code shall report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation.
Rule 8.4 provides:
It is professional misconduct for a lawyer to:
(a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) Commit a criminal act especially one that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

. Rule 3.3 provides:
(a) A lawyer shall not knowingly:
(1) Make a false statement of material fact or law to a tribunal.
Rule 8.4 provides:
It is professional misconduct for a lawyer to:
(c) Engage in conduct involving fraud, deceit, dishonesty or misrepresentation;
(d) Engage in conduct that is prejudicial to the administration of justice.

.The ODC noted in mitigation respondent's full and free disclosure with cooperative attitude in the disciplinary investigation. In aggravation, it recognized the respondent's selfish motive, pattern of misconduct, substantial experience in the practice of law (admitted in September, 1972) and illegal conduct. It further recognized the respondent’s prior disciplinary record. In 1985, the respondent received a formal private reprimand. Also, in 1987, while he was a judge of the Breaux Bridge City Court, he was suspended from the bench for a period of six months without salary for striking at a law enforcement officer. In re: Judge W. Glenn Soileau, 502 So.2d 1083 (La.1987).

. The disciplinary board relied on the following excerpt of the magistrate judge’s reasons prior to imposing sentence:
One thing has been particularly difficult to deal with is the evidence that I conclude shows you have been untruthful with the court. You have been untruthful with the Probation Office. You have been untruthful with law enforcement officers. In fact, it is sad to say I believe that if the concept of truth ever had any real meaning or influence in your life, it no longer does and hasn’t had for a very long time.
So the story you told to the agents in the field was not the truth; and moreover, the story you told me last April about the 1987 convictions was not the truth. You told the Court both counsel and directly both today and at the conference that we had, the presentencing conference, that you simply forgot the facts of the previous convictions because ten years have passed. I do not find it likely that, even possible that you forgot what occurred ten years ago.
The record shows you came before Judge Duhe ... entered a signed plea agreement with the government under which you agreed to plead guilty to all four counts against you. You also were well aware of the grand jury investigation which had taken place the previous December of 1986. You in fact talked to those witnesses before they went before the grand jury. You asked them if they had subpoenas. It is inconceivable that a judicial officer and officer of the court would forget, I don't care how much time passed, the circumstances of those events and that Judge Duhe had, quote, thrown out the other charges. I think you intentionally meant to mislead the Court when you said those things in April. [emphasis in board reporL original.]

. The committee relied on the following ABA Standards:
Standard 5.12 provides "[suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in *27 Standard 5.11 and that seriously adversely reflects on the lawyers fitness to practice.” Standard 7.2 provides "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injuiy to a client, the public, or the legal system.”

. In its recommendation, the disciplinary board seemed to adopt the federal court's findings with regard to the misrepresentation charges, without making independent findings of its own. As stated in In re Quaid, 94-1316 (La. 11/30/94), 646 So.2d 343, this court is required to make "an independent review of the record to determine whether the alleged misconduct has been proved by clear and convincing evidence.” However, based on the totality of the circumstances, including the transcript of the sentencing proceeding and the record of the 1987 conviction, we believe an independent review of the record supports the conclusion that the misrepresentation was proved by clear and convincing evidence.